DOCKET NO. 489

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE DRILLING PLATFORM BLOWOUT AND FIRE IN THE GULF OF MEXICO ON MARCH 24, 1980

TRANSFER ORDER*

    This litigation consists of thirteen actions pending in two districts: ten actions in the Eastern District of Louisiana and three actions in the Southern District of Texas. Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, to transfer the Texas actions to the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings with the actions pending there.

    On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization of these actions under Section 1407 in the Southern District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Common factual questions arise concerning the cause or causes of a drilling platform blowout and the liability, if any, of the various defendants. Centralization under Section 1407 is therefore necessary in order to prevent duplication of discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

    Although we are of the view that either the Eastern District of Louisiana or the Southern District of Texas could be described as an appropriate transferee forum for this litigation, we conclude that the Southern District of Texas is preferable. The disaster occurred off the coast of Texas; the injured received emergency medical treatment in Galveston, Texas; and three of the major corporate defendants are Texas corporations. Thus, many of the relevant documents and witnesses are likely to be found in or near the Southern District of Texas.

---

* Judge Caffrey recused himself and took no part in the decision of this matter. In addition, Judges Roy W. Harper and Sam C. Pointer, Jr. took no part in the decision of this matter.

-2-

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Eastern District of Louisiana be, and the same hereby are, transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Hugh Gibson for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

                                      FOR THE PANEL:

                                      Charles R. Weiner
                                      Acting Chairman

Schedule A

MDL-489 -- In re Drilling Platform Blowout and Fire in the Gulf of Mexico on March 24, 1980

### Southern District of Texas

Donald Stelly v. Pennzoil Louisiana & Texas Offshore Inc., et al., C.A. No. G-80-95

Stanley W. Riley v. Dresser Industries Inc., et al., C.A. No. G-81-110

John Elmdahl v. Dresser Industries, Inc., et al., C.A. No. G-81-203

### Eastern District of Louisiana

Tony M. Craft v. Pennzoil Co., et al., C.A. No. 80-2096-Sec.L

Dora Forbes, etc. v. Pool Offshore Co., et al., C.A. No. 80-2150-Sec.L

John Mack Lambert v. Pennzoil Co., et al., C.A. No. 80-2474-Sec.L

Julia Mae Tagert v. Pennzoil Co., C.A. No. 80-3382-Sec.L

June Chachere Sparks, etc. v. Pool Offshore Co., et al., C.A. No. 80-3633-Sec.L

Gladys Ann McDonald v. Pool Offshore Co., et al., C.A. No. 80-4832-Sec.L

Mason Thomas v. Pennzoil Co., C.A. No. 81-541-Sec.L

Ted L. Piner v. Pennzoil Oil & Gas Co., Inc., et al., C.A. No. 81-1141-Sec.L

Pool Offshore Co., etc., et al. v. Oil Field of Texas, Inc., et al., C.A. No. 81-1136-Sec.D

Anthony J. Deneana v. Pennzoil Producing Co. and/or Pennzoil Co., et al., C.A. No. 81-334-Sec.L